## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**PATRICK LEE,**
      **Petitioner,**

**vs.**                  **Case No.  5:07cv130/RS/MD**

**UNITED STATES,**
      **Respondent.**

---

## REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a document he described as a petition for writ of habeas corpus "under the U.S. Constitution of 1787, under Article I, Section 9, Clause 2." (Doc. 1). The petition was not on a court form, nor was it accompanied by the filing fee or an application to proceed *in forma pauperis*.

From the arguments raised by petitioner, it appeared he was challenging the validity of his conviction obtained in the District of Columbia Superior Court ("DC Superior Court") on jurisdictional grounds, arguing essentially that he was not subject to the criminal laws of the District of Columbia or the United States, and that his conviction obtained in the DC Superior Court was therefore invalid.[1]

---

[1]Petitioner alleged that he was currently incarcerated at the Federal Correctional Institution in Marianna, Florida ("FCI-Marianna"), serving a sentence imposed by the Superior Court of the District of Columbia. (Doc. 1, p. 28). In the opening paragraph of his petition, petitioner stated that "the government was absent jurisdiction over ME, as I have committed no crime against the United States of America." (*Id.*, p. 1). He went on to argue: (1) that the United States is insolvent and therefore has "no capacity to bring crimes against anyone," (*id.*, pp. 10, 26); (2) that federal courts have no jurisdiction over him because of his status as a "Florida State National", (*id.*, pp. 1, 9, 10, 15, 17, 26); and (3) that petitioner's arrest and indictment was a "fraud," (*id.*, pp. 17, 18). A substantial portion of the petition was also dedicated to petitioner's claim that the United States Army created the AIDS virus (*id.*, p. 24), and that federal and state agencies were "trying to murder" incarcerated inmates with the AIDS/HIV virus by crowding three inmates into one-man cells. (*Id.*, pp. 1, 23-24(A), 26). Petitioner contended that all of the foregoing required his immediate release.

Accordingly, on June 27, 2007 this court issued an order advising petitioner that a habeas challenge to his DC Superior Court conviction must be brought under 28 U.S.C. § 2254, which authorizes such challenges.  (Doc. 4).  Petitioner was ordered to filed an amended petition on the § 2254 form within thirty days, and to also submit either the $5.00 filing fee or a complete application to proceed *in forma pauperis*. (*Id*.).  Petitioner was warned that his failure to comply with the order as instructed would result in a recommendation that this case be dismissed.

Petitioner did not respond to the order.[2]  Accordingly, on August 9, 2007 the undersigned issued an order directing petitioner to show cause within twenty days why his case should not be dismissed for failure to prosecute and failure to comply with an order of the court.  (Doc. 7).  Over twenty days has elapsed, and petitioner has not responded to the order.[3]

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the court, and that the clerk be directed to close the file.

At Pensacola, Florida this 5th day of September, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. §

---

[2]Although petitioner filed a "Notice of Default," (doc. 6), this filing was not responsive to the court's order.

[3]Although petitioner filed a document entitled "Motion for Judicial Notice of Adjudicative Facts Pursuant to Rule 201, et. seq. Rule of Evidence," (doc. 8), this filing was not responsive to the court's order.

**636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**